**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: May 10, 2019**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT
WESTERN DIVISION**

| In Re: | * | Case No.1:18-bk-14408 |
|---|---|---|
|  | * | Chief Judge Jeffery P. Hopkins |
| Flipdaddy's, LLC | * | Chapter 11 Proceeding |
|  | * |  |
|  | * |  |
| Debtor-in-Possession | * |  |

_____

**ORDER APPROVING AGREEMENT OF THE DEBTOR AND IRC
NEWPORT PAVILION, LLC AND THE MYERS Y. COOPER
COMPANY RESOLVING THE OBJECTIONS (Doc. No. 93 and
Doc. No. 95, respectively) TO THE DEBTOR'S MOTION TO
EXTEND THE TIME FOR THE ACCEPTANCE AND OR
REJECTION OF EXECUTORY CONTRACTS AND
CERTAIN LEASES (Doc. 84)**

_____

WHEREAS, this matter comes on before the Court upon the Objections of *IRC*

*Newport Pavilion, LLC* (Doc. No. 93) ("**Newport**" and the objection filed thereby, the

"**Newport Objection**") and *The Myers Y. Cooper Company* (Doc. No. 95) ("**Myers Cooper**"

1

and the objection filed thereby, the "**Myers Cooper Objection**" and, together with the Newport Objection, collectively, the "**Objections**") to the Motion of *Flipdaddy's, LLC*, (the "**Debtor**") for the entry of an Order Extending the Time for the Acceptance and/or Rejection of Executory Contracts and Certain Leases, (Doc. No. 84) (the "**Motion**").

WHEREAS, Newport and Debtor are parties to a Lease, Lease Assignment, and Lease Stipulation (each as defined in the Newport Objection and referred to in this Order collectively as the "**Newport Lease**");

WHEREAS, Myers Cooper and Debtor are parties to a Lease (as defined in the Myers Cooper Objection and referred to in this Order collectively as the "**Myers Cooper Lease**" and, together with the Newport Lease, collectively, the "**Leases**");

WHEREAS, Newport and Myers are referred to in this Order collectively as the "**Landlords**"); and

WHEREAS, the Court being advised by counsel for the Debtor, Newport and Myers Cooper that an agreement has been reached resolving the Objections to the Motion in accordance with the stipulations and agreement of the parties as set forth hereafter. Such resolution and agreement resulting in the resolution of the Objections to the Motion and it appears that upon review of the stipulation and agreement that the proposed resolution is in the best interests of the Debtor, its estate and creditors; and after due deliberation and consideration and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. <u>Objections Resolved</u>. Subject to the Debtor's complete and timely compliance with its obligations set forth in this Order, the Objections to the Motion are hereby resolved.

2. <u>Payment of Newport Rent</u>. Within three (3) business days after entry of this Order, Debtor shall pay Newport any and all unpaid base rent, common area maintenance (CAM) fees, real estate taxes, and late fees arising or accruing under the Newport Lease from and after the petition date, which is agreed shall not be less than $22,554.16 and which payment shall be without prejudice to Newport's right to allowance and payment of any other or further amounts alleged to be owed under the Newport Lease on a pre- or post-petition date basis.

3. <u>Payment of Myers Cooper Rent</u>. Within three (3) business days after entry of this Order, Debtor shall pay Myers Cooper any and all unpaid base rent, common area maintenance (CAM) fees, real estate taxes, and late charges arising or accruing under the Myers Cooper Lease from and after the petition date, which is agreed shall not be less than $23,410.80, and which payment shall be without prejudice to Myers Cooper's right to allowance and payment of any other or further amounts alleged to be owed under the Myers Cooper Lease on a pre- or post-petition date basis.

4. <u>Assumption Motion</u>. Within thirty (30) days of the entry of this Order (the "**Assumption Motion Deadline**"), Debtor may file motions authorizing the Debtor to (1) assume either or both of the Leases pursuant to 11 U.S.C. §§ 105(a) and 365(a) (the "**Bankruptcy Code**"), and Federal Rule of Bankruptcy Procedures 6006 (the "**Bankruptcy Rules**"); (2) establish cure amount owed under the Leases pursuant

to Bankruptcy Code Section 365(b) ("**Cure Amounts**") and (3) approve the procedures related to assumption (the "**Assumption Motions**" and the corresponding order granting any Assumption Motion, the "**Assumption Order**"). The Assumption Motions, and any Assumption Orders, shall provide further that all Cure Amounts shall be paid in full on or before June 30 2019; provided, however, that Debtor reserves the right to object to the allowance and payment of any attorneys' fees or costs claimed to be part of a Cure Amount ("**Fees and Costs**"), which such Fees and Costs shall be paid only upon further order of the Court; provided further, however, that any objection to any Fees and Costs be filed by Debtor within five (5) business days after submission of the Cure Amount containing such Fees and Costs to Debtor or such objection shall automatically be deemed waived and released and the Fees and Costs shall otherwise be fully due and payable as part of the corresponding Cure Amount.

5. <u>Automatic Rejection and Rejection Protections</u>. If Debtor fails to file the Assumption Motion with respect to either Lease on or before the Assumption Motion Deadline, then, without further Order of the Court: (a) such Lease (a "**Rejected Lease**" and the corresponding premises the "**Rejected Lease Premises**") shall automatically be deemed rejected effective as of the Surrender Date (as defined below); (b) Debtor shall immediately, and no later than two (2) business days after the Assumption Motion Deadline, surrender possession, occupancy, custody, and control of the Rejected Lease Premises to the Landlord of the Rejected Lease Premises (the date of actual surrender of possession, occupancy, custody, and control of the Rejected Premises by Debtor to the Landlord of the Rejected Lease Premises, the "**Surrender**

4

**Date**"); (c) the automatic stay of Bankruptcy Code Section 362 shall be deemed automatically lifted to the extent necessary to allow the Landlord of the Rejected Lease Premises to take any and all actions under the Rejected Lease or with respect to the Rejected Lease Premises; and (d) the Landlord of the Rejected Lease shall have thirty (30) days in which to file a claim for amounts owed due to the rejection of such Rejected Lease (the contents of this paragraph are hereinafter referred to collectively as the "**Rejection Procedures and Protections**").

6. Rejection before Automatic Rejection. If Debtor seeks to reject any of the Leases before the Assumption Deadline, then any order authorizing such rejection shall contain all of the Rejection Procedures and Protections. Debtor shall continue to timely pay and perform all obligations under the Leases unless and until they are assumed or rejected.

7. Alternative Payor of Cure Amounts. Cure Amounts and any other amounts owed under the Leases that are not completely and timely paid by Debtor may be directly paid to Newport and/or Myers Cooper by FDXII, LLC as part of the Contribution and Backstop Commitment Agreement between FDXII, LLC and Debtor.

8. No Waiver or Release. Nothing contained in this Order is or shall be deemed to be (a) consent by either Landlord to the assumption, assumption and assignment, or rejection of any of the Leases; or (b) a waiver or modification of any of Debtor's obligations under Bankruptcy Code Section 365(d)(3), either of the Leases, or otherwise.

**IT IS SO ORDERED.**

**APPROVED**:

Diller & Rice, LLC

By     /s/Steven L. Diller
    Steven L. Diller (0023320)
124 E. Main Street
Van Wert, Ohio 45891
Telephone (419) 238-5025
Fax: (419) 238-4705
E-mail: steven@drlawllc.com

*Counsel for the Debtor, Flipdaddy's, LLC*

Hahn Loeser & Parks LLP

By /s/Rocco I. Debitetto
    Rocco I. Debitetto (0073878)
200 Public Square, Suite 2800
Cleveland, OH 44114
Telephone: 216.274.2374
Fax: 216.241.2824
E-mail: ridebitetto@hahnlaw.com

*Counsel for IRC Newport Pavilion, LLC*

Taft Stettinius & Hollister, LLP

By /s/Casey Cantrell Swartz
    Casey Cantrell Swartz (0079563)
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 357-9452
Fax: (513) 381-0205
Email: cswartz@taftlaw.com

*Counsel for The Myers Y. Cooper Company*

**Notice was electronically served on the date of entry on the following recipients:**

Asst US Trustee (Cin)

ustpregion09.ci.ecf@usdoj.gov

John C Cannizzaro on behalf of Creditor Gordon Food Service, Inc
John.Cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com

Casey M Cantrell Swartz on behalf of Interested Party Myers Y Cooper Company
cswartz@taftlaw.com, docket@taftlaw.com;lsutton@taftlaw.com

Rocco I Debitetto on behalf of Creditor IRC Newport Pavilion, LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Rocco I Debitetto on behalf of Creditor IRC Retail Centers LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Gregory D Delev on behalf of Creditor Ohio Department of Taxation
bankruptcy@delevlaw.com

Steven L Diller on behalf of Debtor In Possession Flipdaddy's, LLC
steven@drlawllc.com, kim@drlawllc.com;eric@drlawllc.com

Barry F Fagel on behalf of Creditor Bryant Hartke Construction
bfagel@lindhorstlaw.com

Douglas N Hawkins on behalf of U.S. Trustee Asst US Trustee (Cin)
doug.hawkins@usdoj.gov, cathy.cooper@usdoj.gov

Benjamin M Rodriguez on behalf of Creditor The Park National Bank
brodriguez@fp-legal.com, kmorales@fp-legal.com

John A Schuh on behalf of Creditor Ford Motor Credit Company, LLC
jaschuhohecf@swohio.twcbc.com

Jason M Torf on behalf of Creditor Gordon Food Service, Inc
jason.torf@icemiller.com

**Notice was mailed to:**

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0702

BDO USA, LLP
Laurence W Goldberg, Dir, Receivables Mg
4135 Mendenhall Oaks Parkway
Suite 140
High Point, NC 27265

Greater Comfort Heating & Air
2001 Monmouth Street