**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: June 17, 2019**

___

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT
### WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | * | Case No.1:18-bk-14408 |
| | * | Judge Jeffrey P. Hopkins |
| Flipdaddy's, LLC | * | Chapter 11 Proceeding |
| | * | |
| | * | |
| Debtor | * | |

**ORDER APPROVING MOTION OF DEBTOR PURSUANT
TO 11 U.S.C. §§ 105(a) AND 365(a) AND FED. R. BANKR. P. 6006,
TO (1) ASSUME AN EXECUTORY CONTRACT WITH
GORDON FOOD SERVICE, INC., (2) ESTABLISH THE CURE
AMOUNT AND (3) PROCEDURES RELATED THERETO (DOC. 104)**

This matter comes on before the Court upon the Motion of Flipdaddy's, LLC, (the "Debtor") for the entry of an Order, pursuant to 11 U.S.C. §§ 105(a) and 365(a) (the "Bankruptcy Code"), and Federal Rule of the Bankruptcy Code 6006 (the "Bankruptcy Rules"), authorizing the Debtor to (1) Assume an Executory Contract with Gordon Food

1

Service, Inc.. ("GFS"), to (2) Establish the Cure Amount and (3) Approve the Procedures Related thereto.

Notice having been duly given and there being no objection or response having been filed to the Motion, the Court would Court would find that it (a) has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 and that notice of the Motion is sufficient under the circumstances and that no other or further notice need be provided.

The Court would further find that the legal and factual basis set forth in the Motion establishes just cause for the relief granted herein and that the relief sought in the Motion is in the best interests of the Debtor, its estate and its creditors; and after due deliberation and sufficient causing appearing;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. It is **FURTHER ORDERED** that effective as of the date this case was commenced, the Debtor is authorized and is hereby deemed to have assumed the Master Distribution Agreement between Gordon Food Service, Inc. made as of July 14, 2016, executed on July 14, 2016. (the "MDA") The term of the MDA is from August 1, 2016 through July 31, 2023.

3. It is **FURTHER ORDERED** that as of the commencement of the case, GFS was owed under the MDA the sum of $321,403.14 (the "Prepetition Claim") as follows:

    a. $98,125.07 is entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9) for goods that were delivered to the Debtor within the 20 days prior to the commencement of this case (the "503(b)(9) Claim");

    b. $46,393.15 is for goods that qualify as "perishable agricultural commodities" under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §§ 499a *et seq.* ("PACA Claim"); and

    c. $176,884.92 is a general unsecured claim (the "Unsecured Claim").

4.    It is **FURTHER ORDERED** that order to assume the MDA, the Debtor must cure the default under the MDA by payment of the entire Prepetition Claim and that the Debtor and Gordon Food Service, Inc. have agreed to the following terms to cure the default, which such terms would also be included in any proposed plan.

    a.    The Debtor shall continue to prepay for all goods to be delivered to the Debtor until confirmation of the Plan. Upon the Effective Date of a confirmed plan, GFS will grant to the reorganized debtor seven-day credit terms with automatic weekly EFT. GFS reserves and does not waive any of its rights under the MDA, including, but not limited to, the right to shorten or revoke credit terms or terminate service based upon any default by the Debtor or reorganized debtor or any change in the Debtor or reorganized debtor's creditworthiness in GFS' sole discretion. Any change in credit terms imposed by GFS shall not in any way affect the Debtor's or reorganized debtor's obligation to pay the remaining cure amounts set forth herein.

    b.    The PACA Claim shall be paid in full within seven (7) days of the entry of an order granting a motion to assume the MDA. Such payment shall be an obligation of the Debtor and may be made by FDXII, LLC as part of the Contribution and Backstop Commitment Agreement.

    c.    The 503(b)(9) Claim shall be paid in full on or before June 27, 2019. Such payment shall be an obligation of the Debtor and may be made by FDXII, LLC as part of the Contribution and Backstop Commitment Agreement. The Debtor shall by motion and order assume the MDA and shall continue to prepay for all goods to be delivered to the Debtor until otherwise granted credit terms by GFS under the MDA. Upon payment in full of the Claim, GFS will reevaluate and consider reinstatement of terms at such time.

d.      The Unsecured Claim shall be paid in full under the terms set forth in this subparagraph.  A payment in the amount of $50,000.00 shall be made within five (5) business days of the entry of an order confirming a plan.  Simultaneously with that payment, the reorganized debtor shall issue to GFS a note, secured by all of the reorganized debtor's assets, in the amount of $126,884.92 (the "Secured GFS Note").  Within 30 days of the entry of an order confirming a plan, the reorganized debtor shall commence payments of a minimum of $5,000.00 per month toward repayment of the Secured GFS Note with the terms of such payments to include that any such payments shall be received by GFS not later than the 25th day of each month, with the balance to be paid in full by January 27, 2020.  If the balance is paid in full by December 27, 2019, then all accrued interest will be waived by GFS.  If the balance is not paid in full by December 27, 2019, then in addition to any balance remaining, there shall also be due all accrued and unpaid interest remains due and owing.

**IT IS SO ORDERED.**

Service List:

**Notice was electronically served on the date of entry on the following recipients:**

Asst US Trustee (Cin)
ustpregion09.ci.ecf@usdoj.gov

John C Cannizzaro on behalf of Creditor Gordon Food Service, Inc
John.Cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com

Casey M Cantrell Swartz on behalf of Interested Party Myers Y Cooper Company
cswartz@taftlaw.com, docket@taftlaw.com;lsutton@taftlaw.com

Rocco I Debitetto on behalf of Creditor IRC Newport Pavilion, LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Rocco I Debitetto on behalf of Creditor IRC Retail Centers LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Gregory D Delev on behalf of Creditor Ohio Department of Taxation
bankruptcy@delevlaw.com

Steven L Diller on behalf of Debtor In Possession Flipdaddy's, LLC

steven@drlawllc.com, kim@drlawllc.com;eric@drlawllc.com

Barry F Fagel on behalf of Creditor Bryant Hartke Construction
bfagel@lindhorstlaw.com

Douglas N Hawkins on behalf of U.S. Trustee Asst US Trustee (Cin)
doug.hawkins@usdoj.gov, cathy.cooper@usdoj.gov

Benjamin M Rodriguez on behalf of Creditor The Park National Bank
brodriguez@fp-legal.com, kmorales@fp-legal.com

John A Schuh on behalf of Creditor Ford Motor Credit Company, LLC
jaschuhohecf@swohio.twcbc.com

Jason M Torf on behalf of Creditor Gordon Food Service, Inc
jason.torf@icemiller.com

**Notice was mailed to:**

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0702

BDO USA, LLP
Laurence W Goldberg, Dir, Receivables Mg
4135 Mendenhall Oaks Parkway
Suite 140
High Point, NC 27265

Greater Comfort Heating & Air
2001 Monmouth Street
Newport, KY 41071

# # #