**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Jeffery P. Hopkins
United States Bankruptcy Judge

**Dated: June 26, 2019**

---

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FLIPDADDY'S, LLC, | ) | Case No. 1:18-bk-14408 |
| | ) | |
| Debtor. | ) | Chief Judge Jeffrey P. Hopkins |

---

### ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION AND NOTICE PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTOR'S PROPOSED PLAN OF REORGANIZATION, (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH, (IV) APPROVING THE RIGHTS OFFERING PROCEDURES AND RELATED MATERIALS, (V) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (VI) GRANTING RELATED RELIEF

---

This matter came on for hearing on June 20, 2019, upon the *Amended Order Setting Hearing on Approval* (Doc. 112) *of the Disclosure Statement for the Chapter 11 Plan of Reorganization of Flipdaddy's, LLC* (Doc. 109) (the "Disclosure Statement"), and consideration of an Entry of an Order (a) approving the adequacy of the Disclosure Statement, (b) approving the Solicitation and Voting Procedures, (c) approving the Voting Record Date, (d) approving the manner and form

of the Solicitation Packages and the materials contained therein, (e) approving the Non-Voting

Status Notices, (f) approving the form of notice to counterparties to Executory Contracts and

Unexpired Leases that will be assumed or rejected pursuant to the Plan, (g) approving the

Voting and Tabulation Procedures, (h) approving the Rights Offering Procedures and (j)

scheduling certain dates and deadlines related thereto.

Notice having been duly provided and no objections have been filed to the Disclosure

Statement, and upon the record established at the Hearing, w o u l d  find as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, venue

is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2).

2.      The Notice of the Hearing and opportunity to be heard were appropriate under the

circumstances and no other notice need be provided.

3.      During the Hearing, Debtor's counsel as well as counsel for IRC Newport Pavilion,

LLC ("IRC") and The Myers Y. Cooper Company ("Meyers Cooper') advised the Court of a request

to include the following additional provisions to this Order:

a.      Notwithstanding anything to the contrary contained in this Order or the Disclosure Statement, nothing contained in this Order or the Disclosure Statement affects or prejudices, or shall be deemed to affect or prejudice the rights of IRC Newport Pavilion, L.L.C. ("IRC") with respect to (a) the *Motion to Assume Lease or Executory Contract with IRC NewPort Pavilion LLC and Establish the Cure Amount and Procedures Related Thereto Filed by Debtor in Possession Flipdaddy's, LLC* [ECF No. 115]; or (b) the Plan, including with respect to any objection(s) IRC might assert with respect to the Motion to Assume or the Plan, all of which are hereby reserved and preserved in all respects.

b. Notwithstanding anything to the contrary contained in this Order or the Disclosure Statement, nothing contained in this Order or the Disclosure Statement affects or prejudices, or shall be deemed to affect or prejudice the rights of The Myers Y. Cooper Company ("Myers Cooper") with respect to (a) the *Motion of the Debtor for an Order, Pursuant to 11 U.S.C. § 105(a) and 365(a) and Fed. R. Bankr. P. 6006, to (1) Assume an Executory Contract with The Myers Y. Cooper Company, (2) Establish the Cure Amount and (3) Procedures Related Thereto* filed by Debtor in Possession Flipdaddy's, LLC [ECF No. 116] ("Motion to Assume"); or (b) the Plan, including with respect to any objection(s) Myers Cooper might assert with respect to the Motion to Assume or the Plan, all of which are hereby reserved and preserved in all respects.

The Court having considered the request and the additional provisions would find that such

matters do not require further notice nor would effect any substantial rights or interests of any other

parties and would therefore approve the same.

4.      The Court having reviewed the Disclosure Statement, having heard the statements in support at a hearing and also considered the statements of those in attendance at the hearing and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Disclosure Statement, (Doc.109) is hereby approved as providing Holders of Claims and Interests entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.      Notwithstanding anything to the contrary contained in this Order or the Disclosure Statement, nothing contained in this Order or the Disclosure Statement affects or prejudices, or shall be deemed to affect or prejudice the rights of IRC Newport Pavilion, L.L.C. ("IRC") with respect to (a) the *Motion to Assume Lease or Executory Contract with IRC NewPort Pavilion LLC and Establish the Cure Amount and Procedures Related Thereto Filed by Debtor in Possession Flipdaddy's, LLC* (Doc. 115); or (b) the Plan, including with respect to any objection(s) IRC might assert with respect to the Motion to Assume or the Plan, all of which are hereby reserved and preserved in all respects.

3.      Notwithstanding anything to the contrary contained in this Order or the Disclosure Statement, nothing contained in this Order or the Disclosure Statement affects or prejudices, or shall be deemed to affect or prejudice the rights of The Myers Y. Cooper Company ("Myers Cooper") with respect to (a) the *Motion of the Debtor for an Order, Pursuant to 11 U.S.C. § 105(a) and 365(a) and Fed. R. Bankr. P. 6006, to (1) Assume an Executory Contract with The Myers Y. Cooper Company, (2) Establish the Cure Amount and (3) Procedures Related Thereto* filed by Debtor in Possession Flipdaddy's, LLC (Doc. 116) ("Motion to Assume"); or (b) the Plan, including with respect to any objection(s) Myers Cooper might assert with respect to the Motion to Assume or the Plan, all of which are hereby reserved and preserved in all respects.

4.      The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims and Interests with sufficient notice of the injunction, exculpation, and release

3

provisions contained in Article VID of the Plan, in satisfaction of the requirements of Bankruptcy

Rule 3016(c).

5.     The Debtor shall solicit, receive, and tabulate votes to accept the Plan in

accordance with the Solicitation and Voting Procedures attached hereto as <u>Schedule 1</u>, which are

hereby approved in their entirety.

6.     The following dates are hereby established (subject to modification, as necessary)

with respect to the solicitation of votes to accept, and voting on, the Plan and confirming the Plan

| Event | Date |
|---|---|
| Voting Record Date | June 20, 2019 |
| Newspaper Publication Deadline | July 3, 2019 |
| Deadline for Serving Solicitation Packages. | July 3, 2019 at 4:00 p.m. (EDT) |
| Deadline for Voting and Receipt of Ballots. | July 19, 2019 at 4:00 p.m. (EDT) |
| Deadline for Filing Objections to Plan | July 19, 2019 at 4:00 p.m. (EDT) |
| Deadline for Debtor to Reply to Any Objections to Plan Confirmation | July 26, 2019 at 4:00 p.m. (EDT) |
| Deadline to File Tabulation of Voting Report | July 26, 2019, 2019, at 4:00 p.m. (EDT) |
| Deadline to File Brief in Support of Confirmation or in Opposition to Confirmation and serve a witness list and exhibit list confirming with LBR Form7016-1-Attachments A and B (2) copies of all exhibits, PREMARKED; Debtor's Exhibits 1,2, etc. and Respondent's Exhibits A,B, etc. | July 26, 2019, at 4:00 p.m. (EDT) |
| Hearing on Confirmation | July 30, 2019, at 10:00 a.m. (EDT) |

The foregoing dates shall be inserted by Counsel for the Debtor where appropriate into the

Disclosure Statement (Doc 109) filed with the Court.

7.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and

this Order (without exhibits, except the Solicitation Procedures), the Solicitation Packages to be

transmitted on or before the Solicitation Deadline to those Holders of Claims and Interests in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

     a.     an appropriate form of Ballot attached hereto as Schedules 2A, 2B, 2 C, 2D, 2E, and 2F respectively, for each Voting Class in which such Holder holds a Claim;

8.     The Solicitation Packages provide the Holders of Claims and Interests entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

9.     The Debtor shall distribute Solicitation Packages to all Holders of Claims and Interests entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10.     The Debtor is authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims and Interests entitled to vote on the Plan in electronic format (*i.e.*, on a CD-ROM or flash drive). The Ballots and the Confirmation Hearing Notice will ***only*** be provided in paper form. On or before the Solicitation Deadline, the DEBTOR shall provide (a) complete Solicitation Packages to the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to all parties in interest in this cause entitled to vote on the Plan

11.     Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact counsel for the Debtor and request paper copies of the corresponding materials previously received in electronic format.

12.     Counsel for the Debtor shall be responsible for (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors and equity holders regarding the Plan.

13.     The Clerk shall cause the issuance of notice of hearing to consider approval of the Plan, including the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

14.     The Confirmation Hearing Notice provides Holders of Claims, Holders of Interest, and other parties in interest with sufficient notice of the release provisions contained in Article VIII of the Plan and the effect thereof.

15.     Except to the extent that the Debtor determine otherwise, the Debtor is are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, Counsel for the Debtor shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of olicitation Packages, the form of each of which is hereby approved, to those

parties, outlined below, who are not entitled to vote on the Plan:

| Class(es) | Status | Treatment |
|---|---|---|
| 2, 5 & 6 | Unimpaired—Deemed to Accept | Will receive a notice, substantially in the form attached to the Order as <u>Schedule 4</u>, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims or Interests that are subject to a pending objection by the DEBTOR are not entitled to vote the disputed portion of their Claim or Interest. |

16.     The Debtor is not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims and Interests that have already been paid in full during the chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

17.     The Debtor shall mail a Notice of Assumption or Rejection of any Executory Contracts or Unexpired Leases (and any corresponding Cure Claims), substantially in the forms attached hereto as Schedule 3(A) and (B), to the applicable counterparties to the Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be), within the time periods specified in the Plan.

18.     Objections to the Plan will not be considered by this Court unless such objections are timely filed and properly served in accordance with this Order. Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with this Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Confirmation Hearing Notice.

19.     The Rights Offering Procedures, substantially in the form  annexed hereto as

Schedule 4, are approved.

20. The Debtor may modify the Rights Offering Procedures or adopt any additional detailed procedures, consistent with the provisions of the Rights Offering Procedures, to effectuate the Rights Offering and to issue the Rights Offering Shares.

21. Nothing in this Order shall be construed as a waiver of the right of the Debtor or any other party in interest, as applicable, to object to a proof of Claim after the Voting Record Date.

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

25. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

_____
Chief Judge Jeffrey P. Hopkins
United States Bankruptcy Judge

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

# Schedule 1

# Solicitation and Voting Procedures

# Voting on the Plan.

**The Voting Deadline is_____, 2019 at 4:00 p.m. (EDT)**.. In order to be counted as votes to accept or reject the Plan, all ballots must be (1) properly executed, completed, and delivered (either by using the envelope provided, by first class mail, overnight courier, or personal delivery) so that the ballots are **actually received** by or before the Voting Deadline at the following address:

---

### DELIVERY OF BALLOTS

*By regular mail, hand delivery, or overnight mail at:*

DILLER & RICE, LLC
Steven L. Diller (0023320)
124 E. Main Street
Van Wert, Ohio 45891

---

**PLEASE SELECT JUST ONE OPTION TO VOTE.
EITHER RETURN PROPERLY EXECUTED PAPER BALLOT WITH YOUR
VOTE OR
VOTE VIA ELECTRONIC MAIL TO**

steven@drlawllc.com

**Holders of Claims or Interests who cast a ballot via electronic mail to steven@drlawllc.com should NOT also submit a paper ballot.**

**FOR ANY BALLOT CAST VIA ELECTRONIC MAIL, THE RECEIVED DATE AND TIME IN THE INBOX WILL BE USED AS THE TIMESTAMP FOR RECEIPT.**

**IF YOU HAVE ANY QUESTIONS ABOUT THE SOLICITATION OR VOTING PROCESS, PLEASE CONTACT STEVEN L. DILLER AT (419) 238-5025. ANY BALLOT RECEIVED AFTER THE VOTING DEADLINE OR OTHERWISE NOT IN COMPLIANCE WITH THE DISCLOSURE STATEMENT ORDER WILL NOT BE COUNTED.**

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

# Schedule 2A

# Class 1 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

In re:                                  )        Case No. 1:18-bk-14408
                                        )        Chapter 11 Proceeding
Flipdaddy's, LLC.,                      )        Chief Judge Jeffrey P. Hopkins
                                        )
            Debtor.                     )

                                        ·

---

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [ 1 ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended and your ballot is received after that date, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 1 claim against the Debtor in the unpaid amount of
$_____

(Check one box only)

[  ] ACCEPTS THE PLAN            [  ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

**Schedule 2B**

**Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

In re:                                          )       Case No. 1:18-bk-14408
                                                )       Chapter 11 Proceeding
Flipdaddy's, LLC.,                              )       Chief Judge Jeffrey P. Hopkins
                                                )
                  Debtor.                       )

---

### BALLOT FOR ACCEPTING OR REJECTING
### PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [ 3 ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended and your ballot is received after that date, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 3 claim against the Debtor in the unpaid amount of
$_____

(Check one box only)

[  ] ACCEPTS THE PLAN          [  ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation or partnership) _____

Address:   _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

**Schedule 2C**

**Class 4 Ballot**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:18-bk-14408 |
| | ) | Chapter 11 Proceeding |
| Flipdaddy's, LLC., | ) | Chief Judge Jeffrey P. Hopkins |
| | ) | |
| Debtor. | ) | |

---

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [ 4 ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended and your ballot is received after that date, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 4 claim against the Debtor in the unpaid amount of
$_____

(Check one box only)

[ ] ACCEPTS THE PLAN          [ ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

.

**Schedule 2D**

**Class 7 Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

In re:                                )        Case No. 1:18-bk-14408
                                       )        Chapter 11 Proceeding
Flipdaddy's, LLC.,                     )        Chief Judge Jeffrey P. Hopkins
                                       )
            Debtor.                    )

·

---

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization

dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has

approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The

Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot. Court

approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to
seek legal advice concerning the Plan and your classification and treatment under the Plan.
Your claim has been placed in Class [ 7 ] under the Plan. If you hold claims or equity
interests in more than one class, you will receive a ballot for each class in which you are
entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main
Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended
and your ballot is received after that date, your vote will not count as either an acceptance
or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not
you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 7 claim against the Debtor in the unpaid amount of
$_____

(Check one box only)

[ ] ACCEPTS THE PLAN                [ ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

**Schedule 2E**

**Class 8 Ballot**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:18-bk-14408 |
| | ) | Chapter 11 Proceeding |
| Flipdaddy's, LLC., | ) | Chief Judge Jeffrey P. Hopkins |
| | ) | |
| Debtor. | ) | |

.

---

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization

dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has

approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The

Disclosure Statement provides information to assist you in deciding how to vote your ballot.

Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot.  Court

approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to
seek legal advice concerning the Plan and your classification and treatment under the Plan.
Your claim has been placed in Class [ 8 ] under the Plan. If you hold claims or equity
interests in more than one class, you will receive a ballot for each class in which you are
entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main
Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended
and your ballot is received after that date, your vote will not count as either an acceptance
or rejection of the  Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not
you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 8 claim against the Debtor in the unpaid amount of
$_____

(Check one box only)

[ ] ACCEPTS THE PLAN          [ ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation or partnership) _____

Address: _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

## Schedule 2F

## Class 9 Ballot

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:18-bk-14408 |
| | ) | Chapter 11 Proceeding |
| Flipdaddy's, LLC., | ) | Chief Judge Jeffrey P. Hopkins |
| | ) | |
| Debtor. | ) | |

---

### BALLOT FOR ACCEPTING OR REJECTING
### PLAN OF REORANIZATION

---

Flipdaddy's, LLC., (referred to hereafter as the "Debtor") filed a Plan of Reorganization dated May 22, 2019, [Doc. No. 110] [the "Plan"] as the Debtor in this case. The court has approved a Disclosure Statement with respect to the Plan (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your ballot. Copies of the Disclosure Statement, Plan and Exhibits are included along with this ballot. Court approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class [ 9 ] under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**You must return this ballot to counsel for the Debtor, Steven L. Diller, at 124 E. Main Street, Van Wert, Ohio on or before _____, 2019 and if such deadline is not extended and your ballot is received after that date, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF THE PLAN

The undersigned, the holder of a Class 9 membership equity interest claim against the Debtor in the amount of $_____

(Check one box only)

[ ] ACCEPTS THE PLAN          [ ] REJECTS THE PLAN

Dated: _____

Print or type name:_____

Signature: _____

Title (if corporation, partnership or trust) _____

Address: _____

_____

**RETURN THIS BALLOT TO:**

Diller & Rice, LLC
124 E. Main Street
Van Wert, OH 45891

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | * | Case No.1:18-bk-14408 |
| | * | Judge Jeffrey P. Hopkins |
| Flipdaddy's, LLC | * | Chapter 11 Proceeding |
| | * | |
| | * | |
| Debtor | * | |

---

**NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED
LEASES TO BE ASSUMED AND/OR REJECTED BY THE
DEBTOR PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF
ANY, AND (C) RELATED PROCEDURES IN CONNECTION
THEREWITH**

---

PLEASE TAKE NOTICE that on _____, 2019, the United States
Bankruptcy Court for the Southern District of Ohio (the "Court") entered an order (Doc.
No. ___) (the "Disclosure Statement Order"): (a) authorizing Flipdaddy's, LLC (the
"Debtor"), to solicit acceptances for the Debtor's Plan of Reorganization (as modified,
amended, or supplemented from time to time, the "Plan"); (b) approving the Disclosure
Statement for the Plan of Reorganization for Flipdaddy's, LLC (as modified, amended, or
supplemented from time to time, the "Disclosure Statement") as containing "adequate
information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the
materials and documents to be included in the solicitation packages (the "Solicitation
Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes
on the Plan and for filing objections to the Plan.

PLEASE TAKE FURTHER NOTICE that the hearing at which the Court will
consider Confirmation of the Plan (the "Confirmation Hearing") will commence on
_____, 2019, at _____ a.m./p.m before the Honorable Jeffrey P. Hopkins in
Courtroom 404, United States Bankruptcy Court for the Southern District of Ohio, 221
East Fourth Street, Cincinnati, Ohio  45202

PLEASE TAKE FURTHER NOTICE that you are receiving this notice because
the Debtor's records reflect that you are a party to a contract with the Debtor. Therefore,
you are advised to review carefully the information contained in this notice and the
related provisions of the Plan.

PLEASE TAKE FURTHER NOTICE that the Debtors are proposing to assume
the executory contract(s) and unexpired lease(s) listed in Exhibit A attached hereto and to

reject those executory contract(s) and unexpired lease(s) listed in Exhibit B to which you maybe a party.

PLEASE TAKE FURTHER NOTICE that section 365(b)(1) of the Bankruptcy Code requires a chapter 11 debtor to cure, or provide adequate assurance that it will promptly cure, any defaults under executory contracts and unexpired leases at the time of assumption. Accordingly, the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, under the executory contract(s) and unexpired lease(s), which amounts are listed in Exhibit A. Please note that if no amount is stated for a particular executory contract or unexpired lease, the Debtors believe that there is no cure amount outstanding for such contract or lease.

PLEASE TAKE FURTHER NOTICE that absent any pending dispute, the monetary amounts required to cure any existing (A) monetary defaults arising under the executory contract(s) and unexpired lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the default amount in Cash on the later of thirty (30) days after: (i) the Effective Date or (ii) the date on which any Cure Dispute relating to such Cure Amount has been resolved (either consensually or through judicial decision) and (B) nonmonetary defaults arising under the executory contract(s) and unexpired lease(s) identified above will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by the Reorganized Debtor's performance. To the extent that the parties are unable to consensually resolve any Contract Objection prior to the commencement of the Confirmation Hearing, including, without limitation, any dispute with respect to the Cure Amount or any other payment or non-monetary obligation required to be paid to the applicable counterparty or performed by the Reorganized Debtors under section 365(b)(1)(A) and (B) of the Bankruptcy Code (any such dispute, a "Cure Dispute"), such Contract Objection will be adjudicated at the Confirmation Hearing or at such other date and time as may be fixed by the Bankruptcy Court; provided, however, that if the Contract Objection relates solely to a Cure Dispute regarding a monetary default only, the Assumed Contract may be assumed by the Debtor, provided that the Debtor reserve Cash in an amount sufficient to pay the full amount asserted as the required cure payment by the non-Debtor party to such contract or lease (or such smaller amount as may be fixed or estimated by the Bankruptcy Court). To the extent a Contract Objection is resolved or determined against a Debtor or Reorganized Debtor, as applicable, such Debtor or Reorganized Debtor may reject such executory contract or unexpired lease within ten (10) Business Days after such determination by filing and serving upon the counterparty a notice of rejection, and the counterparty may thereafter file a proof of Claim setting forth any alleged rejection damages.

PLEASE TAKE FURTHER NOTICE that the deadline for filing objections to the Plan, including any assumption of an executory contract or unexpired lease is _____, 2019, at 4:00 p.m. Eastern Standard Time (the "Plan Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules and any orders of the Court; (c) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be actually received on or before the Plan Objection Deadline:

Flipdaddy's, LLC
7453 Wooster Pike
Cincinnati, Ohio  45227

Steven L. Diller
Diller & Rice, LLC
124 East Main Street
Van Wert, OH  45891

Office of the United States Trustee
36 East Seventh St.
Suite 2030
Cincinnati, OH  45202

PLEASE TAKE FURTHER NOTICE that any objections to the Plan in connection with
the assumption of the executory contract(s) or unexpired lease(s) identified above and/or related
cure or adequate assurances proposed in connection with the Plan that remain unresolved as of
the Confirmation Hearing will be heard at the Confirmation Hearing (or such other date as fixed
by the Court).

PLEASE TAKE FURTHER NOTICE IF NO CONTRACT OBJECTION IS TIMELY
RECEIVED WITH RESPECT TO AN ASSUMED CONTRACT: (I) THE COUNTERPARTY
TO SUCH ASSUMED CONTRACT SHALL BE DEEMED TO HAVE CONSENTED TO THE
ASSUMPTION BY THE DEBTOR, AND BE FOREVER BARRED, ESTOPPED, AND
ENJOINED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH
ASSUMPTIN (INCLUDING, WITHOUT LIMITATION, ANY PAYMENT OR OTHER
OBLIGATION IN CONNECTION WITH THE ASSUMPTION OR WITH RESPECT TO
ADEQUATE ASSURANCE OF FUTURE PERFORMANCE); (II) ANY AND ALL
DEFAULTS UNDER THE ASSUMED CONTRACT AND ANY AND ALL PECUNIARY
LOSSES RELATED THERETO SHALL BE DEEMED CURED AND COMPENSATED
PURSUANT TO SECTION 365(B)(1)(A) AND (B) OF THE BANKRUPTCY CODE UPON
PAYMENT OF THE CURE AMOUNT OR PERFORMANCE BY THE REORGANIZED
DEBTOR SET FORTH IN THE ASSUMPTION NOTICE FOR SUCH ASSUMED
CONTRACT; AND (III) THE CURE AMOUNT OR PERFORMANCE SET FORTH IN THE
ASSUMPTION NOTICE FOR SUCH ASSUMED CONTRACT (INCLUDING A CURE
AMOUNT OF $0.00) SHALL BE CONTROLLING, NOTWITHSTANDING ANYTHING TO
THE CONTRARY IN SUCH ASSUMED CONTRACT, OR ANY OTHER RELATED
DOCUMENT, AND THE COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED
TO THE CURE AMOUNT OR PERFORMANCE AND SHALL BE FOREVER BARRED,
ESTOPPED, AND ENJOINED FROM ASSERTING ANY OTHER CLAIMS RELATED TO
SUCH ASSUMED CONTRACT AGAINST THE DEBTOR OR ITS ESTATES, THE
REORGANIZED DEBTOR, OR THE PROPERTY OF ANY OF THEM, THAT EXISTED
PRIOR TO THE ENTRY OF A FINAL ORDER APPROVING THE ASSUMPTION OF SUCH
ASSUMED CONTRACT (INCLUDING, WITHOUT LIMITATION, THE CONFIRMATION
ORDER).

PLEASE TAKE FURTHER NOTICE that neither the exclusion nor inclusion of any contract or lease on any Assumption Notice or any exhibit to the Plan Supplement, nor anything contained in the Plan, shall constitute an admission by the Debtors that any agreement, contract, or lease is an executory contract or unexpired lease subject to the Plan, as applicable, or that the Debtor or Reorganized Debtor has any liability thereunder.

PLEASE TAKE FURTHER NOTICE that the Debtor and Reorganized Debtor, as applicable, reserve the right to alter, amend, modify, or supplement any Assumption Notice and the Schedule of Rejected Contracts and Leases until and including the Effective Date or as otherwise provided by Bankruptcy Court order; provided, however, that if there is a dispute regarding whether a contract or lease is or was executory or unexpired at the time of assumption, assumption and assignment, or with respect to the asserted Cure Amount, then the Reorganized Debtor shall have thirty (30) days following entry of a Final Order resolving such dispute to amend the decision to assume, or assume and assign, such executory contract or unexpired lease.

PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS RELEASES, INDEMNIFICATION, INJUNCTION; EXCULPATION; DISCHARGE PROVISIONS, THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER. THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, OR OBTAIN A COPY OF THE DISCLOSURE STATEMENT, THE PLAN, OR RELATED DOCUMENT, you should obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.oh.uscourts.gov. or contact the Clerk at U.S. Bankruptcy Court for the Southern District of Ohio at 221 E. Fourth Street, Atrium Two, Cincinnati, Ohio 45202.

Respectfully submitted

/s/Steven L. Diller
Steven L. Diller (0023320)
Attorney for Debtor
124 East Main Street
Van Wert, OH 45891
(419) 238-5025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of (A) Executory Contracts and Unexpired Leases to be Assumed or Rejected by the Debtor Pursuant to the Plan, (B) Cure Amounts, if any and (C) Related Procedures in Connection Therewith Motion to Extend Time For filing of Plan and the Exclusivity Period combined with Notice and Opportunity to Object has been served on all creditors and other parties in interest in this case, the United States Trustee and all other parties having requested notice herein by ordinary U.S. Mail, postage prepaid as is set forth on the attached mailing matrix as of this date as well as electronic filing in compliance with the ECF rules in place in this District, on this ___day of _____, 2019.

/s/Steven L. Diller _____
Steven L. Diller  (0023320)
Diller & Rice, LLC
124 East Main Street
Van Wert, OH  45891
(419) 238-5025
(419) 238-4705
Steven@drlawllc.com

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

# Schedule 3A

## SCHEDULE OF CONTRACTS AND LEASES AND

## PROPOSED CURE COSTS

**Exhibit A Schedule of Contracts and Leases and Proposed Cure Costs**
**Case 1:18-bk-14408**

| COUNTERPARTY | Description of Assumed Contracts or Leases | Cure Amount |
|---|---|---|
| IRC Retail Centers<br>PO Box 6351<br>Carol Stream, IL 60197 | Commercial Real Property lease for restaurant location at 165 Pavilion Parkway, Newport, KY 41071; term remaining 7/28/2024 (Newport) | 70,543.78 |
| Myers Y Cooper<br>9301 Montgomery Road, Suite 2(B)<br>Cincinnati, Ohio 45242 | Commercial Real Property lease for restaurant location at 7453 Wooster Pike, Cincinnati, Ohio 45227; term remaining 6/30/2024 (Mariemont) | 16,041.89 |
| Marshmallow Products<br>684 Dunwoodie Drive<br>Cincinnati, Ohio 45230 | Commercial Real Property lease for restaurant location at 88763 US Highway 42, Union KY 41091; term remaining 4/7/2023 (Union) | $54,000 by Agreement |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Commercial Real Property lease for restaurant location at 12071 Mason Montgomery Road, Cincinnati, Ohio 45249; term remaining 4/30/2021 (Symmes) | Deferred by agreement |
| M-2 Lease Funds, LLC<br>175 N. Patrick Blvd, Suite 140<br>Brookfield, WI 53045 | Equipment Lease for Symmes location term remaining 10/23/2020 | 0.00 |
| US Bank Equipment Financial<br>1310 Madrid Street<br>Marshall, MN 56258 | Equipment Copier term remaining 3/15/2020 | 0.00 |
| US Bank Equipment Financial<br>1310 Madrid Street<br>Marshall, MN 56258 | Equipment Air Conditioning Unit – Marimont term remaining 6/1/2022 | 0.00 |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Successor in Interest to Equipment Lease for Orange Beach with M-2 Lease Funds, LLC; term remaining 5/15/2021 | Deferred by agreement |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Successor in Interest to Equipment Lease for Orange Beach with Navitas Credit Corp and UniFy Equipment; term remaining 5/15/2020 | Deferred by agreement |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Successor in Interest to Equipment Lease for Orange Beach with Navitas Credit Corp and UniFy Equipment; term remaining 5/15/2020 | Deferred by agreement |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Successor in Interest to 8 Equipment and POS systems leases for Orange Beach (6) and Debtor (2) with Ascentium Capital, LLC; various term remaining 5/15/2020 | Deferred by agreement |
| KTM, II, LLC<br>c/o UBS Financial Services<br>184 Liberty Corner Road, 1st Floor<br>Warren, NJ 07059 | Successor in Interest to Equipment Lease for Orange Beach with Targeted Lease Capital term remaining 5/15/2022 | Deferred by agreement |
| Koorsen Fire and Security<br>10608 Millington Court<br>Cincinnati, Ohio 45242 | Fire system inspection and maintenance agreement for locations; term remaining 5/6/2021 | 1783.69 |
| Gordons Food Service<br>4980 Gateway Blvd.<br>Springfield, Ohio 45502 | Master Distribution Agreement executed on July 14, 2016; term remaining _____, 20 (MDA) | 0.00 |
| Amerifund<br>2275 Half Day Road #343<br>Bannockburn, IL 60015 | Equipment Newport location, term remaining 3/25/2020 | 0.00 |

In re:  FLIPDADDY'S, LLC,
Case No. 1:18-bk-14408
Chief Judge Jeffrey P. Hopkins
**ORDER APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT**

# Schedule 3B

## SCHEDULE OF CONTRACTS AND LEASES REJECTED

**Exhibit B Schedule of Contracts and Leases Rejected**
**Case 1:18-bk-14408**

| COUNTERPARTY | Description of Rejected Contracts or Leases |
|---|---|
| Connie Krebs<br>1162 Shayler Woods Drive<br>Batavia, Ohio 45103 | Commercial Real Property lease for headquarters location at 7406 Jager Court, Cincinnati, Ohio 45230; term remaining; none on month to month lease |
| Morgan Services, Inc<br>817 Webster Street<br>Dayton, Ohio 45404 | Linen services contract entered into on November 9, 2011 with expiration date of November 9, 2016 |
| Marlin Leasing Business Bank<br>2795 Cottonwood Parkway<br>Salt. Lake City, UT 84121 | Equipment Lease for Orange Beach, Flipdaddy's Alabama, LLC and guaranteed by Debtor; term remaining 5/8/2022 |
| Guggenheim Development Services, LLC<br>c/o Kane Russell Coleman Logan PC<br>Attn: John J. Kane<br>1601 Elm Street, Suite 3700<br>Dallas, Texas 75201 | Preferred Developer Agreement entered into March 16, 2016. 5 years<br>Court ordered rejection 12/6/2018 |
| FD Orange Beach 859, LLC<br>c/o Kane Russell Coleman Logan PC<br>Attn: John J. Kane<br>1601 Elm Street, Suite 3700<br>Dallas, TX 75201 | Build-to-Suit Lease dated October 11, 2016 for certain property located at 22421 Perdido Beach Blvd., Orange Beach, Alabama. ("the Orange Beach Restaurant"). 240 Months<br>Court ordered rejection 12/6/2018 |