**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



*Jeffery P. Hopkins*
United States Bankruptcy Judge

**Dated: August 15, 2019**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Flipdaddy's, LLC., | ) | Case No. 1:18-bk-14408 |
| | ) | |
| Debtor. | ) | Chief Judge Jeffrey P. Hopkins |
| | ) | |

_____

**ORDER CONFIRMING PLAN**
_____

This matter came on before the Court this 30th day of July, 2019 for hearing on confirmation of the Chapter 11 Plan ("Plan") filed by the Debtor, Flipdaddy's, LLC. ("Debtor"). (Doc. No. 110). In addition to the consideration of the confirmation of the Plan, three other matters were also

1

scheduled for hearing being the (1) Objection to Assumption of a Lease as well as Objection to the Plan IRC, Newport Pavilion, LLC (Doc. No. 142 and 153); (2) Objection to Assumption of a Lease as well as Objection to the Plan of The Meyer Y. Cooper Company (Doc. No. 135 and (154) and (3) Objection by the Debtor to the Application for Approval and Payment of an Administrative Claim filed by Creation Gardens, Inc. (Doc. No. 132 and Doc. No. 149). (collectively referred to herein as the "Objections")

Appearances being made by Steven L. Diller, Counsel for the Debtor Flipdaddy's, LLC along with two representatives of the Debtor being present, being Thomas Sacco, the CEO of Flipdaddy's and Leah Douglas, the comptroller of Flipdaddy's. In addition, Douglas Hawkins, appeared as Counsel for the Office of U.S. Trustee, Jason Torf appeared as counsel for Gordon Food Service, Inc., Rocco Debitetto as counsel for IRC Newport, Casey Cantrell-Swartz as counsel for The Myer Y. Cooper Company and Benjamin Rodriguez as counsel for Park National Bank.

Prior to consideration of the confirmation of the Plan; the Court was advised by counsel for the Debtor that subject to the Court's confirmation of the Plan agreed entries had been submitted to the Court resolving the Objections and such agreed entries included terms that modified the Plan treatment. The Court was further advised that two other matters also affecting the proposed Plan had been filed of record prior to the hearing that also included terms to be added to the order confirming the plan, being (1) an Order Approving Motion of Debtor to Assume an Executory Contract with Gordon Food Service, Inc., Establish the Cure Amount and Procedures Related Thereto (Doc. No. 123) and (2) a Stipulation and Agreement between the Debtor

and Park National Bank for to Modify the Proposed Plan Treatment of Park National Bank (Class 1) (Doc. No. 147).

For purposes of the Hearing, the Court would find that notice of the Order and Notice Approving the Debtor's Disclosure Statement and Fixing Time for Filing Acceptances and Rejections to Plan ("the Plan Hearing Order")(Doc. No. 109) was duly given and that the notice provided thereof complies with the applicable requirements of the Bankruptcy Code and Rules. (Doc. No. 141)  The Court would further find that in accordance with the Plan Hearing Order, the Debtor caused to be published Notice of the Plan Hearing Order as well as the Solicitation Procedures for new Membership Interests in the Reorganized Debtor under the Plan in the Cincinnati Enquirer (Debtor's Exhibit 1) and the USA Today (Debtor's Exhibit 2)

The Court would further find that in accordance with the Plan Hearing Order, the deadline for voting and receipts of ballots was July 19, 2019 and the deadline for seeking to acquire New Membership Interests in the Reorganized Debtor under the Plan was July 26, 2019.

The Court was advised by Counsel for the Debtor that no inquiries or requests for solicitation materials were received seeking to acquire interests in the Debtor.

The Court would further find that, the Debtor has caused to be filed a Tabulation and Summary of Ballots (Doc. No. 159).  Based on the Tabulation and Summary of Ballots, Classes 1,3, 7, and 9 accepted the Plan.  The Court would further find that Class 1 is Park National Bank and Class 3 is Gordon Food Service, Inc. and the Court would find that the  proposed modification as to the treatment of Park National Bank (Doc. No. 147) and Gordon Food Service are modifications that do not require any additional notice nor effect as to any other parties in interest and are therefore approved.  The Court would also find that resolution and treatment of the Creation

Gardens, Inc. claim is provided for within the terms of the Plan and does not require any additional notice nor effect any other parties in interest and therefore will be approved. Finally, the Court has reviewed the proposed agreed entries with respect to the resolution of the Objections to the Assumption of the Lease and to the Plan by IRC, Newport Pavilion, LLC and The Meyer Y. Cooper Company and would find the same to be well taken, in the interest of the Debtor, the Plan and the Estate and would therefore approve the same.

The Court would further find that based on the Tabulation and Summary of Ballots in two impaired classes, Class 4 and Class 8 no votes were cast. The Court has considered the proffer of evidence and facts on this issue by counsel for the Debtor, the arguments and authority advanced in the Memorandum in Support of the Plan filed by the Debtor (Doc. No. 160) and the record herein and would specifically find as follows:

1. Both classes are single member classes;
2. Both received notice of these proceedings and in particular this proceeding and did not file any objections to the Plan nor appear at confirmation;
3. Class 8 filed a proof of claim in this cause and Class 4 under the Backstop Commitment Agreement and the treatment of Class 8 acquired claims in the amount of $456,916.57;
4. The extensive involvement by both Class 4 and Class 8 in the events leading up to the confirmation of the Plan;
5. The benefits received from plan treatment by both classes.
6. The detriment to all other classes that have accepted the Plan, the total amount of claims approving the Plan and the fact that every single vote cast in this case was in acceptance of the Plan.

Based on the foregoing, the Court would conclude and find that the fact neither class cast a ballot may be presumed and the Court does hereby find that such Classes have accepted the Plan and consented to be bound by its terms. The Court would therefore find based on the results of the balloting and the foregoing findings the Plan is a consensual Plan under 11 USC 1129(a)(1).

In considering the proposed Plan of the Debtor as amended by the modifications previously

set forth herein, the results of the balloting of creditors and parties in interest in this case, the resolution of all pending objections, the proposed agreements in modification of the Plan, Exhibits 3 and 4 admitted under seal for consideration by the Court, the testimony of Mr. Thomas Sacco and the proffer and representations made by Counsel by the Debtor as well as the statements in support by the respective counsel of the Office of United States Trustee, Park National Bank, Gordon Food Service, Inc,; IRC, Newport Pavilion, LLC, and The Meyer Y. Cooper Company, the Court, for purposes of the requirements for confirmation set forth in 11 U.S.C. § 1129(a), find as follows:

(1) The plan complies with the applicable provisions of this title.

(2) The proponent of the plan complies with the applicable provisions of this title.

(3) The plan has been proposed in good faith and not by any means forbidden by law.

(4) Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

(5) The proponent of the plan has disclosed the identity and affiliations of any individual proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan; and

> (i) the appointment to, or continuance in, such office of such individual, is consistent with the interests of creditors and equity security holders and with public policy; and
> (ii) the proponent of the plan has disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

(6) Any governmental regulatory commission with jurisdiction, after confirmation of the plan, over the rates of the debtor has approved any rate change provided for in the plan, or such rate change is expressly conditioned on such approval.

(7) With respect to each impaired class of claims or interests each holder of a claim or interest of such class (i) has accepted the plan; or (ii) will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the

plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

(8) That with respect to each class of claims or interests such class has accepted the plan; or such class is not impaired under the plan.

(9) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that with respect to a claim of a kind specified in section 507 (a)(2) or 507 (a)(3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim.

(10) With respect to the treatment of claims of a kind specified in section 507 (a)(1), 507 (a)(4), 507 (a)(5), 507 (a)(6), or 507 (a)(7) of this title, each holder of a claim of nature will receive—(i) deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or cash on the effective date of the plan equal to the allowed amount of such claim;

(11) With respect to a claim of a kind specified in section 507 (a)(8) of this title or for a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under section 507 (a)(8), but for the secured status of that claim, the holder of such claim will receive on account of such claim regular installment payments in cash (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim (ii) over a period ending not later than 5 years after the date of the order for relief in this case and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan.

(12) At least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

(13) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

(14) All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

(15) The Plan provides for the continuation after its effective date of payment of all retiree benefits, as that term is defined in section 1114 of this title, at the level established pursuant to subsection (e)(1)(B) or (g) of section 1114 of this title, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits.

6

(16) The Debtor is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

(17) No transfers of Property are provided in the Plan, and thus all transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

The Court would further find that based on the terms of the Contribution and Backstop Commitment Agreement (Doc. No. 109-2), the funds available from such agreement, the Plan, the terms of the Plan providing for the release of signatories to the Settlement Agreement and General Release admitted under seal (Exhibit 4), combined with the terms of the Plan for treatment of Class 8 and the ability of the Backstop Commitment of FDX, II and Thomas Kearney to meet the terms of such treatment, the Court would find that unusual circumstances exist for the approval of the terms of the Plan set forth Article VIII and specifically as to the treatment of claims arising under Class 8. In reaching this conclusion the Court would make the following specific findings:

(1) There is an identity of interests between the Debtor and the Released Parties based on the fact that any litigation against the Released Parties would in essence, constitute litigation or a claim against the Reorganized Debtor, will deplete the assets of the estate and materially affect the Plan of Reorganization;

(2) Subject to the Confirmation of the Plan, the Released Parties will have contributed substantial assets to the reorganization;

(3) The injunction, release and other benefits provided under Article VIII of the Plan is essential to the Plan of Reorganization and the reorganization hinges on the Debtor being free from indirect suits against the Released Parties who would have indemnity or contribution claims against the Reorganized Debtor;

(4) The Court has found that the Released Parties under Class 9 have overwhelmingly voted to accept the Plan and that for purposes of confirmation, Class 8 has also accepted the Plan.

(5) The Plan provides a mechanism through the Backstop Commitment Party, FDX, II and

KTM, II to pay for all of claims that could arise under Class 8.

(6) Based on the nature of the claims that might arise under Class 8, the requirement under the Plan that any such claims that may arise be resolved under the treatment provided under Class 8 and the fact that the Plan includes a mechanism through the Backstop Commitment Party, FDX, II and KTM, II to pay for all of claims that could arise under Class 8 provides the opportunity for Class 8 to recover in full.

The Court would further find that based on Exhibit 4, the Personal Financial Statement of Thomas Kearney and the testimony of Mr. Thomas Sacco that the Plan is feasible.

Based on the foregoing findings, the Court would find and holds that the Plan filed by the Debtor on May 22, 2019, (Doc. 110) as modified herein (the "Plan"), satisfies all the necessary requirements for confirmation pursuant to 11 U.S.C. § 1129, and that the Plan should be confirmed.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

**1.** The following modifications are incorporated into the terms of the Plan:

   a. As to Class One, Park National Bank

   (i) This claim shall be reduced to $200,000 by a payment of $50,000.00 from the Debtor or FDXII under the Backstop Commitment Agreement and upon such payment the balance of $200,000 shall be re-amortized over ***7 years, maturing on 4/27/2026*** and accrue interest at the rate of 6% per annum.

   b. As to Class Three, Gordon Food Service, Inc. ("GFS")

   (i) Upon the Effective Date of the Plan, GFS will grant to the reorganized debtor seven-day credit terms with automatic weekly EFT. GFS reserves and does not waive any of its rights under the Master Distribution Agreement between GFS and the Debtor dated July 14, 2016 (the "MDA"), including, but not limited to, the right to shorten or revoke credit terms or terminate service based upon any default by the reorganized debtor or any change in the reorganized debtor's creditworthiness in GFS' sole discretion. Any change in credit terms imposed by GFS shall not in any way affect the reorganized debtor's obligation to pay the remaining cure amounts set forth herein.
   (ii) GFS' unsecured claim shall be paid in full under the terms set forth in this subparagraph. A payment in the amount of $50,000.00 shall be made within five (5) business days of the entry of this Order. Simultaneously with

8

that payment, the reorganized debtor shall issue to GFS a note, secured by all of the reorganized debtor's assets, in the amount of $126,884.92 (the "Secured GFS Note"). Within 30 days of the entry of this Order, the reorganized debtor shall commence payments of a minimum of $5,000.00 per month toward repayment of the Secured GFS Note with the terms of such payments to include that any such payments shall be received by GFS not later than the 25th day of each month, with the balance to be paid in full by January 27, 2020. If the balance is paid in full by December 27, 2019, then all accrued interest will be waived by GFS. If the balance is not paid in full by December 27, 2019, then in addition to any balance remaining, there shall also be due all accrued and unpaid interest remains due and owing..

c. As to Class 6, the Assumed Executory Contract of The Meyer Y. Cooper Company:

The Meyer Y. Cooper Company Class 6 claim shall be treated as set forth in the Stipulation and Agreed Order Resolving (A) Objection of The Meyer Y. Cooper Company to Motion to Assume Lease or Executory Contract with The Meyer Y. Cooper Company and Establish the Cure Amount and Procedures Related Thereto; and (b) Objection of The Meyer Y. Cooper Company to the Chapter 11 Plan of Reorganization of Flipdaddy's, LLC [Doc. 165].

d. As to Class 6, the Assumed Executory Contract of IRC Newport Pavilion, L.L.C.:

IRC Newport Pavilion LLC's Class 6 Claim shall be treated as set forth in the Stipulation and Agreed Order Resolving (A) Objection of IRC Newport Pavilion, L.L.C. to Motion to Assume Lease or Executory Contract with IRC Newport Pavilion, L.L.C. and Establish the Cure Amount and Procedures Related Thereto; and (b) Objection of IRC Newport Pavilion, L.L.C. to the Chapter 11 Plan of Reorganization of Flipdaddy's, LLC [Doc. 166].

2. **IT IS FURTHER ORDERED** that pursuant to the Plan any signatory to the Settlement Agreement and General Release that is also a Contributor and or Backstop Commitment Participant to the Contribution and Backstop Commitment Agreement (Doc. No. 109-2) ("the Released Parties") are hereby accorded the identical relief of the Debtor and the Reorganized Debtor included under the provisions under Article VIII of the Plan and 11 U.S.C. §1141.

3. The Plan is hereby **CONFIRMED, effective from the time of the entry of this Order.**

**IT IS ORDERED.**

**Notice was electronically served on the date of entry on the following recipients:**

Asst US Trustee (Cin)
ustpregion09.ci.ecf@usdoj.gov

John C Cannizzaro on behalf of Creditor Gordon Food Service, Inc
John.Cannizzaro@icemiller.com, Thyrza.Skofield@icemiller.com

Casey M Cantrell Swartz on behalf of Interested Party Myers Y Cooper Company
cswartz@taftlaw.com, docket@taftlaw.com;lsutton@taftlaw.com

Rocco I Debitetto on behalf of Creditor IRC Newport Pavilion, LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Rocco I Debitetto on behalf of Creditor IRC Retail Centers LLC
ridebitetto@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

Gregory D Delev on behalf of Creditor Ohio Department of Taxation
bankruptcy@delevlaw.com

Steven L Diller on behalf of Debtor In Possession Flipdaddy's, LLC
steven@drlawllc.com, kim@drlawllc.com;eric@drlawllc.com

Barry F Fagel on behalf of Creditor Bryant Hartke Construction
bfagel@lindhorstlaw.com

Brian T Giles on behalf of Creditor Creation Gardens, Inc.
Brian@gilesfirm.com, bgiles3434@gmail.com

Douglas N Hawkins on behalf of U.S. Trustee Asst US Trustee (Cin)
doug.hawkins@usdoj.gov, cathy.cooper@usdoj.gov

Benjamin M Rodriguez on behalf of Creditor The Park National Bank
brodriguez@fp-legal.com, kmorales@fp-legal.com

John A Schuh on behalf of Creditor Ford Motor Credit Company, LLC

jaschuhohecf@swohio.twcbc.com

Jason M Torf on behalf of Creditor Gordon Food Service, Inc
jason.torf@icemiller.com

**Notice was mailed to:**

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0702

BDO USA, LLP
Laurence W Goldberg, Dir, Receivables Mg
4135 Mendenhall Oaks Parkway
Suite 140
High Point, NC 27265

Greater Comfort Heating & Air
2001 Monmouth Street
Newport, KY 41071

Isaac, Wiles, Burkholder & Teetor, LLC

Blue Bridge Financial, LLC
11911 Freedom Drive
One Fountain Square, Suite 570
Reston, VA 201990

Ascentium Capital, LLC
23970 HWY 59 N
Kingwood TX 77339

Carol Turner
1125 Columbia Street
Newport, KY 41071

Bailey Dorsey
1565 Fairway Drive
Lawrenceburg, Indiana 47025

BARKAN MEIZLISH DEROSE
WENTZ MCINERNEY PEIFER, LLP
Mr. Robert E. DeRose

250 East Broad Street, 10th Floor
Colum bus, Ohio 43215

Dinsmore & Shohl LLP
Attention: Mr. Brian Sullivan
255 East Fifth Street
Suite 1900
Cincinnati, OH 45202

| | | |
|---|---|---|
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 | BDO USA, LLP<br>Laurence W Goldberg, Dir, Rcv Mgr.<br>4135 Mendenhall Oaks Parkway<br>Suite 140 | Flipdaddy's LLC<br>7453 Wooster Pike<br>Cincinnati, OH 45227-3895 |
| Greater Comfort Heating & Air<br>2001 Monmouth Street<br>Newport, KY 41071-2666 | 2060 Digital<br>PO Box 645440<br>Cincinnati, OH 45264-5440 | 2060 Digital/Hubbard Radio<br>c/o Szabo Associates Inc.<br>3355 Lenox Road NE, Suite 945<br>Atlanta, GA 30326-1357 |
| Allegra Products<br>1146 Hawkstone Drive<br>Cincinnati, OH 45230-3556 | Alliance Funding Group<br>Pawnee Leasing<br>3745 W. Chapron Ave, Suite 200<br>Orange, CA 92868 | Amerifund<br>2275 Half Day Road #343<br>Bannockburn, IL 60015-1277 |
| ASCAP<br>21678 Network Place<br>Chicago, IL 60673-1216 | Ascentium Capital, LLC<br>23970 Highway 59 N<br>Kingwood, TX 77339-1535 | Allegra<br>1146 Hawstone Drive<br>Cincinnati, OH 45230-3556 |
| American Express<br>PO Box 981535<br>El Paso, TX 79998-1535 | American Express Merchant Financing<br>PO Box 981535<br>El Paso, TX 79998-1535 | American Express National Bank<br>c/o Becket & Lee LLP<br>PO Box 3002<br>Malvern, PA 19355-0702 |
| Anderson Hills Plumbing<br>6229 Beechmont Avenue<br>Cincinnati, OH 45230-1902 | Ascent Systems Innovations<br>409 West 35th Street<br>Latonia, KY 41015-1185 | Ascentium Capital LLC<br>23970 Hwy 59N<br>Kingwood, TX 77339-1535 |

| | | |
|---|---|---|
| Asst US Trustee (Cin)<br>Office of the US Trustee<br>36 East Seventh Street<br>Suite 2030<br>Cincinnati, OH  45202-4457 | BDO<br>PO Box 642743<br>Pittsburgh, PA  15264-2743 | BJ Hicks<br>444 Woodwick Court<br>Cincinnati, OH  45255-3658 |
| BMI General Licensing<br>PO Box 630893<br>Cincinnati, OH  45263-0893 | Brynmawr Bank Corporation<br>620 West Germantown Pike<br>Plymouth Meeting, PA  19462-1068 | Barry Farmer Draperies<br>11635 Deerfield Road<br>Cincinnati, OH  45255-3658 |
| Beckman Services, Inc.<br>7661 Fields Ertel Road<br>Cincinnati, OH  45241-1750 | Belden Hill Private Equity, Inc.<br>160 Beldon Hill Road<br>Wilton, CT  06897-2913 | Belden Hill Private Equity, LLC.<br>160 Belden Hill Road<br>Wilton, CT  06897-2913 |
| Bert's Plumbing<br>1975 Alexandria Pike<br>Newport, KY  41076-1123 | Boone County Clerk<br>3000 Conrad Lane<br>Burlington, KY  41005-7870 | Connie Krebs<br>1162 Shayler Woods Driver<br>Batavia, OH  45103-2684 |
| Campbell County Fiscal Court<br>Attn  Campbell County Atty<br>319 York Street<br>Newport, KY  41071-1638 | Campbell County Sheriff's Office<br>1098 Monmouth Street<br>Suite 216<br>Newport, KY  41071-3429 | Christian and Carole Timoney<br>214 Fox Hill Road<br>Wethersfield, CT  06109-4132 |
| Christman Outdoor Designs<br>8833 Strout Road<br>Clarksville, OH  45113-9568 | Cincinnati Bell<br>PO Box 748003<br>Cincinnati, OH  45274-8003 | Cintas Corporation<br>3368 Turfway Road<br>Erlanger, KY  41018-3155 |
| City of Newport<br>PO Box 1090<br>Newport, KY  41071 | City of Orange Beach<br>PO Box 1159<br>Orange Beach, AL  36561-1159 | City of Union<br>1843 Mt. Zion Road<br>Union, KY  41091-9534 |
| City of Union, Kentucky<br>Greg D. Voss, Esq.<br>301 West Pike Street<br>Covington, KY  41011-2126 | Coca-Cola Bottling Co. Consolidated<br>PO Box 602937<br>Charlotte, NC  28260-2937 | Coca-Cola Consolidated<br>Attn: Kent Workman, Esq.<br>4100 Coca-Cola Plaza<br>Charlotte, NC  28211-3481 |

13

Cold Spring Electrical Contractors
5097 Gary Lane
Newport, KY  41076-8789

Commonwealth of Kentucky
1003 Twilight Trail
Frankfort, KY  40601-8400

Craftsman Elecric
3855 Alta Avenue
Cincinnati, OH  4523-3932

Custom Mail Services
PO Box 37387
Cincinnati, OH  45222-0387

Daniel & Nancy Angelillo
158 Fairlane Drive
Wethersfield, CT  06109-4121

DarPro
PO Box 530401
Atlanta, GA  30353-0401

Dennis and Marsha Angelillo
370 Coppermill Road
Wethersfield, CT  06109-4074

Direct TV
PO Box 5006
Carol Stream, IL  60197-5006

Duke Energy
PO Box 1327
Charlotte, NC  28201-1327

Economy Linen
80 Mead Street
Dayton, OH  45402-2395

Edward Beadle
168 Langford Lane
East Hartford, CT  06118-2369

Electric Masters, Inc.
339 Pleasant Street
Covington, KY  41011-3515

F. Collett, LLC
3702 Fairfax Avenue
Dallas, TX  75209-6214

FD Orange Beach 859, LLC
24221 Perdido Beach Blvd.
Orange Beach, AL  36561-3057

FD Orange Beach 859, LLC
c/o Kane Russell Coleman Logan PC
Attn:  John Kane
1601 Elm Street, Suite 3700
Dallas, TX  75201-7207

FG Schaefer Co.
PO Box 6505
Cincinnati, OH  45206-0505

Florence Water & Sewer
PO Box 368
Florence, KY  41022-0368

Ford Motor Credit
PO Box 790119
St. Louis, MO  63179-0119

Ford Motor Credit Company
PO Box 62180
Colorado Springs, CO  80962-2180

Frank Meak
7631 Palmer Ct.
Naples, FL  34113-3054

Fugazzi Co. Ltd.
3875 Virginia Avenue
Cincinnati, OH  45227-3409

GNG Plumbing
24829 Canal Road
Orange Beach, AL  36561-4185

Giles & Lenox LLC
1018 Delta Avenue
Suite 202
Cincinnati, OH  45208-3100

Global Work Services
19664 West 36th Avenue #611
Gulf Shores, AL  36542-2793

Gordon Food Service
4980 Gateway Blvd
Springfield, OH  45502-8820

Greater Cincinnati Water Works
PO Box 5487
Carol Stream, IL  60197-5487

Grexen
6170 First Financial Drive
Suite 203
Cincinnati, OH  45236

Guggenheim
3000 Internet Blvd. #570
Frisco, TX  75034-2010

Guggenheim Development Svcs, LLC
c/o Kane Russell Coleman Logan PC
Attn: John J. Kane
1601 Elm Street, Suite 3700

Hamilton County Treasurer
PO Box 740857
Cincinnati, OH  45274-0857

Hartke & Associates, Inc.
2115 Schappelle Lane
Cincinnati, OH  45240-2724

Hersey Creamery Co.
301 S. Cameron Street
Harrisburg, PA  17101-2815

Humana
PO Box 3280
Milwaukee, WI  53201-3280

IMG College, LLC
Attn Mark Bennett
540 North Trade Street
Winston-Salem, NC 27101-2915

IRC Newport Pavilion, LLC
c/o IRC Retail Centers
814 Commerce Drive, Suite 300
Oak Brook, IL  60523-8823

IRC Retail Centers
PO Box 6351
Carol Stream, IL  60197-6351

John Kearney
4665 Riverwalk Village Court
Ponce Inlet, FL  32127-2700

Koorsen Fire and Security
10608 Millington Court
Cincinnati, OH  45242-4015

KTM II, LLC.
c/o UBS Financial Services
184 Liberty Corner Road, 1st Floor
Warren, NJ  07059-6796

Kabbage
925B Peachtree St. NE #1688
Atlanta, GA  30309-3918

Kentucky Department of Revenue
Legal Support Branch
PO Box 5222
Frankfort, KY  40602-5222

Kentucky State Treasurer
501 High Street
Frankfort, KY  40601-2103

Koorsen Fire & Security Inc.
2719 N. Arlington Avenue
Indianapolis, IN  46218-3300

M-2 Lease Funds, LLC
175 N. Patrick Blvd., Suite 140
Brookfield, WI  53045-5811

Marshmallow Products, Inc.
684 Dunwoodie Drive
Cincinnati, OH  45230-3931

Morgan Services, Inc.
817 Webster Street
Dayton, OH  45404-1529

Navitas Credit Corp.
203 Ft. Wade Road, Suite 300
Ponte Vedra, FL  32081-5159

NTN Buzztime, Inc.
Dept. LA 24391
Pasadena, CA  91185-4391

| | | |
|---|---|---|
| New Century Dynamics, Inc.<br>9370 Stoney Ridge Lane<br>Johns Creek, GA  30022-7684 | Northern KY Health Dept.<br>610 Medical Village Drive<br>Edgewood, KY  41017-3416 | NuC02 LLC<br>PO Box 9011<br>Stuart, FL  34995-9011 |
| NuC02 LLC<br>2800 SE Market Place<br>Stuart, FL  34997-4965 | Malott Nyhart<br>Attn  Nyhart Business Interests LLC<br>575 Indian Hill Trail<br>Cincinnati, OH  45243-4051 | Nyhart Business Interests, LLC<br>575 Indian Hill Trail<br>Cincinnati, OH  45243-4051 |
| Ohio Bureau of Workers Comp.<br>Law Section Bankruptcy Unit<br>PO Box 15567<br>Columbus, OH  43215- | Ohio Department of Taxation<br>Bankruptcy Division<br>PO Box 530<br>Columbus, OH  43216-0530 | Ohio State Treasurer<br>PO Box 183014<br>Columbus, OH  43218-3014 |
| Oracle America Inc.<br>PO Box 203448<br>Dallas, TX  75320-3448 | Park National<br>1075 Nimitzview Drive<br>Cincinnati, OH  45230-4359 | Paul R. Hage<br>Jaffe Raitt Heuer & Weiss, PC<br>27777 Franklin, Suite 2500<br>Southfield, MI  48034-8214 |
| Perfection Pest Control<br>9967 Old Union Road<br>Union, KY  41091-9515 | Phillip Fanning<br>62 Jaques Lane<br>South Windson, CT  06074-4222 | Pic's Produce<br>4756 Paddock Road<br>Cincinnati, OH  45229-1004 |
| Plante & Moran, PLLC<br>16060 Collections Center Drive<br>Chicago, Il  60693-0160 | River City Dist., Inc.<br>PO Box 58369<br>Louisville, KY  40268-0369 | Ralph Opp<br>3133 Louders Road<br>Goshen, OH  45122-9517 |
| Robert Dames<br>444 Ashworth Court<br>Cincinnati, OH  45255-3657 | Ron McDermott<br>26 Sherman Avenue<br>Fort Thomas, KY  41075-2515 | Rumpke<br>PO Box 538708<br>Cincinnati, OH  45253-8708 |
| SESAC, Inc.<br>PO Box 5246<br>New York, NY  10008-5246 | Sanitation District No. 1<br>1045 Eaton Drive<br>Fort Wright, KY  41017-9681 | Signal Networking<br>8329 E. Main Street<br>Apt. 1<br>Alexandria, KY  41001-1408 |

| | | |
|---|---|---|
| Staples<br>Department DET<br>PO Box 83689<br>Chicago, IL  60696-3689 | State of Alabama<br>PO Box 320001<br>Montgomery, AL  36132-0001 | Steven A. Crawford<br>423 Knollwood Drive<br>Highland Heights, KY  41076-1630 |
| Stoll Keenon Ogden PLLC<br>Gregory D. Pavey, Esq.<br>300 W. Vine Street, Suite 2100<br>Lexington, KY  40507-1801 | Stoll-Keenon-Ogden<br>PO Box 11969<br>Lexington, KY 40579-1969 | Targeted Lease Capital<br>550 Main Street, Suite 300<br>Williamville, NY  14221 |
| The Myers Y Cooper Company<br>9301 Montgomery Rd., Suite 2B<br>Cincinnati, OH  45242-7752 | Thomas J. Lynch, CAE<br>20 Starview Drive<br>Hillsborough, NJ  08844-2523 | TNS Jack, LLC<br>15 Hawthorne Lane<br>Coto De Caza, CA  92679-5152 |
| TalentReef, Inc.<br>210 University Blvd.<br>Suite 300<br>Denver, CO  80206-4618 | Targeted Lease Capital, LLC<br>c/o Getman & Biryla, LLP<br>800 Rand Bldg, 14 Lafayette Square<br>Buffalo, NY  14203-1995 | Teasdale Fenton<br>12145 Centron Place<br>Cincinnati, OH  45246-1704 |
| The Fortuity Group<br>151 West Congress Street<br>Suite 420<br>Detroit, MI  48226-3204 | The Fortuity Group, LLC<br>Jaffe Raitt Heuer & Weiss, PC<br>Attn  Paul R Hage<br>27777 Franklin, Suite 2500<br>Southfield, MI  48034-8214 | The Myers Y Cooper Company<br>c/o Casey Cantrell Swartz, Taft Law<br>425 Walnut Street, Suite 1800<br>Cincinnati, OH  45202-3920 |
| The Park National Bank<br>4550 Eastgate Blvd.<br>Cincinnati, OH  45245-1202 | Thomas B. Kearney<br>7844 Classics Drive<br>Naples, FL  34113-3063 | Thompson Hine<br>312 Walnut Street<br>14th Floor<br>Cincinnati, OH  45202-4029 |
| Titan Mechanical Solutions LLC<br>11003 State Route 128<br>Harrison, OH  45030-9710 | UBS Financial Services<br>184 Liberty Corner Road<br>1st Floor<br>Warren, NJ  07059-6796 | US Bank Equipment Financial<br>1310 Madrid Street<br>Marshall, MN  56258-4099 |
| UniFi Equipment Finance, Inc.<br>3893 Research Park Drive<br>Ann Arbor, MI  48108-2217 | WJW Management, Inc<br>6952 12th Street W.<br>Jacksonville, FL  32220-2494 | Woodhill Capital Corp.<br>13 S. Cayuga Road<br>Williamsville, NY  14221-6793 |

m2 Lease Funds LLC
175 N. Patrick Blvd
Suite 140
Brookfield, WI 53045-5811

Steven L. Diller
124 E. Main Street
Van Wert, OH 45891

Ford Motor Credit Co., LLC.
Dept 55953
PO Box 55000
Detroit, MI 48255-0953

Ohio Bureau of Workers Comp.
Legal Division Bankruptcy Unit
PO Box 15567
Columbus, OH 43215-

10 Yarmouth Road LLC
160 Beldon Hill Road
Wilton CT 06897-0000

Arthur Fuller
301 Fulling Mill Lane
Fairfield CT 06824-0000

David Maier
332 Elm Crest Drive
Milford OH 45150-0000

Doug Reynolds
38661 N. 104th Place
Scottsdale AZ 85262-0000

Edward Biery
3475 Lindenwood Drive
Erlanger KY 41018-0000

Linda Ricca
50 Deforest Road
Wilton CT 06897-0000

Lindsay Garber
5821 Karen Lane
Milford OH 45150-0000

Louis J. Manetti Trust
Louis J. Manetti Trustee
317 E. Haven Street
Arlington Heights IL 60005-0000

Melissa Sullivan
1164 Creekstone Drive
Batavia OH 45103-0000

Pam Kelley & Chris Kelley
49 Woodhill Road
Wilton CT 06897-0000

Peter Andruszkiewicz
10604 Tirano Court
Fort Myers FL 33913-0000

Thomas A. Collett
2215 Cedar Springs #801
Dallas TX 75201-0000

**Office of the Attorney General**
700 Capitol Avenue, Suite 118
Frankfort, Kentucky 40601-3449

David A. Glockner, Regional Director
175 W. Jackson Boulevard, Suite 900
Chicago, IL 60604

Attorney General of Ohio
Collection Enforcement Section
Attenton: Bankruptcy division
150 E. Gay Street, 21 St.

Ohio Department of Taxation
30 east Broad Street, 21st floor
Columbus, OH 43215
Attn: Cory Steinmetz, Esq.

Blue Bridge Financial, LLC
11911 Freedom Drive
One Fountain Square, Suite 570
Reston, VA 201990

Ascentium Capital, LLC
23970 HWY 59 N
Kingwood TX 77339

Carol Turner
1125 Columbia Street
Newport, KY 41071

Bailey Dorsey
1565 Fairway Drive
Lawrenceburg, Indiana 47025

| | | |
|---|---|---|
| BARKAN MEIZLISH DEROSE WENTZ MCINERNEY PEIFER, LLP<br>250 East Broad Street, 10th Floor<br>Columbus, Ohio 43215 | Dinsmore & Shohl LLP<br>Attention: Mr. Brian Sullivan<br>255 East Fifth Street<br>Suite 1900<br>Cincinnati, OH 45202 | **Ohio Bureau of Workers' Compensation**<br>Attn: Law Section Bankruptcy Unit<br>P.O. Box 15567<br>Columbus, Ohio 43215-0567 |
| **Ohio Department of Job & Family Services**<br>Attn: Program Services/Revenue Recovery<br>P.O. Box 182404<br>Columbus, Ohio 43218-2404 | **Ohio Dept of Taxation**<br>Attn: Bankruptcy Division<br>P.O. Box 530<br>Columbus, Ohio 43216-0530 | c/o Attorney General<br>Collection Enforcement Section<br>Attn: Bankruptcy Staff<br>150 E. Gay Street, 21st floor<br>Columbus, Ohio 43215 |
| **Internal Revenue Service**<br>P.O. Box 7346<br>Philadelphia, Pennsylvania 19101-7346 | **Attorney General of the United States**<br>Main Justice Building<br>10th & Constitution Avenue, N.W.<br>Washington, D.C. 20530 | **Attorney General of the United States**<br>U.S. Department of Justice Tax Division<br>Civil Trial Section, Northern Region<br>P.O. Box 55, Ben Franklin Station<br>Washington, D.C. 20044 |
| Assistant Attorney General of the United States<br>Southern District of Ohio<br>303 Marconi Blvd, Suite 200<br>Columbus, OH 43215 | **Office of the Attorney General State of Kentucky**<br>700 Capitol Avenue, Suite 118<br>Frankfort, Kentucky 40601-3449 | State of Kentucky<br>Department of Revenue<br>501 High Street<br>Frankfort, KY 40601 |
| Kentucky Department of Revenue<br>**Excise Tax Section**<br>Station 62<br>PO Box 1303<br>Frankfort KY 40602-1303 | Kentucky Department of Revenue<br>**Division of Collections**<br>PO BOX 491<br>Frankfort, KY 40602-0491 | |

# # #