**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| In Re: | * | Case No.1:18-bk-14408 |
| | * | Judge Jeffrey P. Hopkins |
| Flipdaddy's, LLC | * | Chapter 11 Proceeding |
| | * | |
| Debtor | * | |

___

**NOTICE OF DELAY IN DISTRIBUTION
OF DIVIDENDS TO CERTAIN PRIORITY CLAIMS
AND TO UNSECURED CREDITORS**
___

Now comes, Flipdaddy's, LLC, (the "Debtor") by and through undersigned counsel and would hereby give notice of a delay in the distribution of dividends to certain priority claims and to unsecured creditors under the terms of the Confirmed Plan pursuant to the procedures set forth in the Plan. (Doc. No. 110 and 171). In support, the Debtor would state as follows:

1. Subsequent to the Order on Confirmation (Doc. No. 171), Counsel for the Debtor was designated by the Debtor to be the Distribution Agent [Article I, (37) of the Plan] for the distribution of payments provided for under the Confirmed Plan.

2. Article II(C) of the Plan provided the following with respect to Priority Tax Claims:

Allowed Priority Tax Claims shall be paid in accordance with Article III.B.2 and Article III.B.1, respectively. To the extent any Allowed Priority Tax Claim is not due and owing on the Effective Date, such Claim shall be paid in full in Cash in accordance with the terms of any agreement between the Debtor and the Holder of such Claim or as may be due and payable under applicable non-bankruptcy law or in the ordinary course of business.

3. Subsequent to the Order on Confirmation, Counsel for the Debtor contacted all priority claims filed of record in order to verify and confirm by agreement the amount of the claim due as well as the allocation of any penalty to treatment under the unsecured class.

4. As of the Effective Date, Claims of record for the State of Ohio[1] and not yet been confirmed or the priority amounts established, due to portions of the

___
[1] Claim Numbers 34, 57 and 59.

1

claim being estimates or the claims being incurred both pre-petition and post-petition, i.e. straddle claims. Such efforts are ongoing, but not yet finalized.

5.  In accordance with the Plan and the provisions of 11 USC 507 and 1142, accrued penalties for priority tax claims as of the date of commencement of the case are treated as unsecured claims.

6.  In accordance with the Plan, unsecured claims are accorded the following treatment:

In full and final satisfaction of each Allowed General Unsecured Claim, each Holder thereof shall receive Cash an amount equal to such Allowed General Unsecured Claim Pro Rata Share of the sum of $75,000.00 on the (1) the Effective Date; or (ii) within fifteen (15) days of the date when such Claims is duly proved and allowed and constitutes a Final Order of the Bankruptcy Court.

7.  The inability to establish the accrued penalty owing on account of certain claims of the State of Ohio, also eliminates the ability to establish a pro rata amount of all unsecured claims.

8.  As a result, the Debtor is causing this notice to issue as to a delay as to the payment of dividends to the State of Ohio Priority Claims as well as to Unsecured Creditors. Such claims shall be distributed not later than fifteen (15) days of the establishment of the same. The funds for such distribution remain on deposit with FDXII, LLC, the backstop entity established for purposes of the Plan.

9.  As of the Effective Date, there was issued the distributions to all administrative and other priority claims of record or on the books and records of the Debtor as of July 31, 2019 by ordinary US mail.

>Diller & Rice, LLC
>
>By     /s/Steven L. Diller
>          Steven L. Diller (0023320)
>Counsel for the Debtor
>124 E. Main Street
>Van Wert, Ohio  45891
>Telephone (419) 238-5025
>Facsimile: (419) 238-4705
>E-mail: steven@drlawllc.com