**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Flipdaddy's LLC ) | Case No. 1-18-bk-14408 |
| ) | |
| Reorganized Debtor ) | **Hon. Jeffery P. Hopkins** |
| ) | Chief U.S. Bankruptcy Judge |

**MOTION OF THE UNITED STATES TRUSTEE**
**TO DISMISS CASE AND MEMORANDUM OF LAW**

    Andrew R. Vara, the United States Trustee for Region 3 and 9, hereby request this Honorable Court for an order dismissing the above entitled Chapter 11 case under 11 U.S.C. § 1112(b). The Debtor is delinquent in filing post-confirmation reports..

Dated: September 21, 2020

    ANDREW R. VARA
    United States Trustee
    Region 3 and 9

By:    /s/ Monica V. Kindt
    Monica V. Kindt (0073085)
    Assistant United States Trustee
    United States Department of Justice
    Office of U.S. Trustee
    J.W. Peck Federal Building
    550 Main Street Room 4-812
    Cincinnati, Ohio 45202
    Telephone: (513) 684-6988 ext. 226
    Facsimile: (513) 684-6994
    Email: monica.kindt@usdoj.gov

# MEMORANDUM OF LAW
## INTRODUCTION

The United States Trustee's request for conversion or dismissal of this Chapter 11 case is made pursuant to the supervisory duties of the United States Trustee as set forth in 28 U.S.C. § 586(a)(3), and the Court's authority to convert or dismiss a Chapter 11 case for "cause" under 11 U.S.C. § 1112(b).[1] The Debtor is delinquent in filing post-confirmation reports.

## SUMMARY OF FACTS

This case was filed on December 6, 2018. The Debtor confirmed a plan of reorganization on August 15, 2019. (Doc. #171).    Debtor has outstanding UST quarterly fees of $32,377.65, which currently remain unpaid despite numerous requests by the U.S. Trustee directed to counsel. In addition, the Debtor has not filed the Quarterly Post-Confirmation report for the period ending June 30, 2020.   The U.S. Trustee is currently unable to determine if the Debtor is operating or closed.

## CAUSE EXISTS TO CONVERT OR DISMISS THIS CASE

In order to avoid abuse, 11 U.S.C. § 1112(b)(1) permits a bankruptcy court to dismiss or convert a case for "cause" when it is in the best interests of creditors and the estate. Section 1112(b)(4)(E) of the Bankruptcy Code permits a bankruptcy court to dismiss or convert a case for "failure to comply with an order of the court." And, § 1112(b)(4)(F) provides that a court may convert or dismiss a case for the "unexcused failure to satisfy timely any filing or reporting

---

[1] 11 U.S.C. § 1112(b)(1) states in part as follows:

On request of a party in interest, and after notice and hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

requirement established by this title. . . ." In addition, § 1112(b)(4)(H) provides that a court may convert or dismiss a case for the "failure timely to provide information . . . reasonably requested by the United States Trustee. . . ." Finally, § 1112(b)(4)(M) provides that a court may convert or dismiss a case for the "inability to effectuate substantial consummation of a confirmed plan."[1]

Chapter 11 debtors-in-possession and trustees are required to prepare operating reports and calculate the U.S. Trustee's fees to be paid pursuant to 28 U.S.C. § 1930(a)(6). Fed. R. Bankr. P. 2015(a)(5). A debtor is a fiduciary of the bankruptcy estate who cannot engage in conduct prejudicial to those whose interests they are required by law to protect. *See Trident Associates Ltd. P'ship v. Metro. Life Ins. Co. (In re Trident Associates Ltd. P'ship)*, 52 F.3d 127, 131-32 (6th Cir 1995); *United States v. Aldrich (In re Rigden)*, 795 F.2d 727 (9th Cir. 1986). As part of this obligation, a debtor must file all required financial reports and comply with the other requirements of the U.S. Trustee. Without such compliance, it is impossible for the U.S. Trustee to determine whether, for example, a debtor is violating its fiduciary duties with respect to payments under the confirmed plan.

The failure of a debtor to so comply constitutes sufficient "cause" to dismiss or convert a bankruptcy proceeding because such failure is a violation of a debtor's fiduciary duties under 11 U.S.C. § 1112(b). *See, e.g., Johnston v Jem Dev. Co. (In re Johnston),* 149 B.R. 158, 162 (9th Cir. B.A.P. 1992) (sufficient grounds for dismissal or conversion of a case is the erosion of the position of the creditors and the fact that creditors were not likely to be satisfied if the case remained in Chapter 11); *Matter of 3868-70 White Plains Road, Inc.,* 28 B.R. 515, 519 (Bankr. S.D.N.Y. 1983) (debtor's failure to submit U.S. Trustee compliance is bad faith); *In re Cohoes*

---

[1] Section 1112(b)(4) enumerates sixteen situations, each independently sufficient to dismiss a case. This list is not exclusive.

*Indus. Terminal, Inc.,* 65 B.R. 918, 921 (Bankr. S.D.N.Y. 1986); *Paccar Fin. Corp. v. Pappas (In re Pappas),* 17 B.R. 662 (Bankr. D. Mass. 1982). Thus, it is well established that debtors who fail to perform their functions may not utilize Chapter 11 to prolong control over their estate when there is no benefit to the public or creditors. *In re Hi-Toc Dev. Corp.,* 159 B.R. 691, 693 (S.D.N.Y. 1993).

In this case, the Debtor is delinquent in filing post-confirmation reports. Therefore, because the Debtor has an "unexcused failure" to timely file the reports, cause exists to dismiss or convert this case under 11 U.S.C. §§ 1112(b)(4)(E), (F), and (H).

Moreover, the lack of reports indicates that the Debtor has failed to prosecute this case. Accordingly, cause exists to convert or dismiss this case for the Debtors' "inability to effectuate substantial consummation of a confirmed plan" under 11 U.S.C. § 1112(b)(4)(M).

"Neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it." *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ill. 1991). Remaining in Chapter 11 is a privilege which carries with it concomitant responsibilities which include timely compliance with the U.S. Bankruptcy Code and the U.S. Trustee Guidelines. The Debtors cannot be permitted to enjoy the benefits of bankruptcy protection without complying with the requirements of the Bankruptcy Code or the U.S. Trustee Guidelines.[2]

---

[2] If the Debtor brings all outstanding issues current prior to a hearing on this Motion, the U.S. Trustee requests that this court enter a case management order setting forth firm deadlines for the filing of a motion for a final decree, as well as a provision that, should the Debtor ever become delinquent more than one quarter in filing post-confirmation reports or paying fees again, the U.S. Trustee can file an Affidavit with the Court regarding noncompliance with the Court order and upload a proposed order dismissing the case without further notice or a hearing on the matter.

# CONCLUSION

The U.S. Trustee has demonstrated that sufficient cause exits to dismiss this case under 11 U.S.C. § 1112(b). Debtor has been enjoying the benefits of bankruptcy protection without complying with all of the requirements of the Bankruptcy Code or the U.S. Trustee Guidelines.

WHEREFORE, based upon the above, the United States Trustee respectfully requests that this court grant the United States Trustee's motion to dismiss this case, grant judgment in favor of the United States Trustee for any unpaid quarterly fees, and order such other and further relief as it deems appropriate under the circumstances.

Dated: September 21, 2020

Andrew R. Vara
United States Trustee
Region 3 and 9

By: /s/ Monica V. Kindt
Monica V. Kindt (0073085)
Assistant United States Trustee
United States Department of Justice
Office of U.S. Trustee
J.W. Peck Federal Building
550 Main Street Room 4-812
Cincinnati, Ohio 45202
Telephone: (513) 684-6988 ext. 226
Facsimile: (513) 684-6994
Email: monica.kindt@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2020, a copy of the foregoing MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE AND MEMORANDUM OF LAW was served on the following registered ECF participants, electronically through the court's ECF System at the e-mail address registered with the Court:

Steven Diller, ESQ.

and on the following by ordinary U.S. Mail addressed to:

Steven Diller
124 East Main Street
Van Wert, Ohio 45891

Flipdaddy's LLC
7453 Wooster Pike
Cincinnati, Ohio 45227

/s/ Monica V. Kindt
Monica V. Kindt
Assistant United States Trustee
United States Department of Justice
Office of U.S. Trustee
J.W. Peck Federal Building
550 Main Street Room 4-812
Cincinnati, Ohio 45202
Telephone: (513) 684-6988 ext. 226
Facsimile: (513) 684-6994
Email: monica.kindt@usdoj.gov